IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THI L., <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, et al. <br><br> Respondents. | Case No. 26-cv-00678-SRB-ECW |

## ORDER

Before the Court is Petitioner Thi L.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Doc. #1.) In part, the Petition alleges that Petitioner "is a 30-year-old Vietnamese woman with a pending application for legal permanent residence through the Violence Against Women Act. She has been physically present in the United States since entering lawfully [in] 2019." (Doc. #1, ¶ 7.) The Petition further alleges that Petitioner was arrested by Immigration and Customs Enforcement on January 23, 2025. The Petition states that "[u]ndersigned counsel does not believe that ICE obtained a warrant under 8 USC 1226 before arresting" Petitioner, and that Petitioner "appears to have been detained without a warrant in violation of 8 USC 1226." (Doc. #1, ¶¶ 3, 6.)

In an Order dated January 27, 2026, the Court ordered Respondents to file an answer to the Petition on or before January 30, 2026. (Doc. #5.) The Order expressly stated that "Respondents' answer should include . . . [s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." (Doc. #5, ¶ 2.) On January 30, 2026, Respondents filed an answer which states in part that "Department of Homeland Security records show a Warrant for Arrest, I-200 was issued on or about January 23, 2026, and Petitioner was taken into custody that same day." (Doc. #7, p. 1.)

Respondents thus argue that "Petitioner's detention under § 1226(a) is otherwise lawful" and that "the proper remedy is for a bond hearing to be held before the Immigration Court." (Doc. #7, p. 3.) Respondents' answer does not attach a copy of an affidavit or a copy of an arrest warrant.

Section 1226 provides that "an alien may be arrested and detained" "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Here, Respondents have failed to attach a copy of the alleged arrest warrant or an affidavit that shows an arrest warrant was issued prior to the detention of Petitioner. As such, the Court agrees with Petitioner that:

> The Court has not been provided with an affidavit explaining the circumstances of the arrest, namely, whether the warrant existed before the arrest (in which case the arrest was likely lawful) or whether the warrant was created after the arrest (in which case the arrest was in violation of 8 USC § 1226). . . . [Respondents] ha[ve] provided no evidence to show that they detained the Petitioner with a warrant. [Respondents] fail[] to even contend in their Response that a Warrant was issued before the arrest. A warrant created after a warrantless arrest does not cure the warrantless arrest.

(Doc. #8, p. 2.)

Under these circumstances, and based on a full review of the record, Petitioner is entitled to habeas relief and to be released from detention. Consequently, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Thi L.'s Petition for Writ of Habeas Corpus (Doc. #1) is **GRANTED**.
2. The Government is **ORDERED** immediately to release Thi L. from custody;
3. The Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner has not been returned as ordered, Respondents should immediately notify the Court of when she will be returned and released; and
4. Within 24 hours from the date of this Order, Respondents shall file a copy of the Warrant for Arrest, I-200, that was allegedly issued to Petitioner.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 2, 2026                              s/Stephen R. Bough
                                                    Stephen R. Bough
                                                    United States District Judge